UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRAIN BRADD,

        Plaintiff,

v.

        Case Number: 10-cv-12342
        Honorable Mark A. Goldsmith

P.A. GIDEL, et.al.,

        Defendant(s).
_____/

**OPINION AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH AND VACATING THE ORDER OF REFERENCE TO THE MAGISTRATE JUDGE**

**I.    INTRODUCTION**

This is a civil rights action brought by a federal prisoner pursuant to *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971). The Court granted Plaintiff, Adrain Bradd, leave to proceed *in forma pauperis*. For the reasons stated, the Court dismisses the Complaint for failure to state a claim upon which relief may be granted. The Court also concludes that an appeal cannot be taken in good faith.

**II.    BACKGROUND**

Plaintiff is a federal inmate at the Federal Correctional Institution in Milan, Michigan. He filed this civil rights action naming P.A. Gidel and P.A. Bayonette as Defendants. He previously filed the same civil rights Complaint, which was assigned to United States District Judge Gerald E. Rosen, and was dismissed for want of prosecution, because Plaintiff failed to comply with the filing requirements under the Prison Litigation Reform Act (PLRA), Pub.L. No. 104-134, 110 Stat. 1321 (1996), in that he did not provide the Court with a signed certification regarding his prison trust account. *Bradd v. Gidel*, No. 09-cv-14100 (E.D. Mich. Dec. 11, 2009). When Plaintiff attempted

to correct the deficiency, his case had already been dismissed and Judge Rosen had ordered that it was not to be reinstated to the docket.

Subsequently, on June 14, 2010, Plaintiff refiled his civil rights Complaint, this time complying with the PLRA. The case was assigned to the undersigned.

In his *pro se* Complaint, Plaintiff alleges that, on October 11, 2007, he injured his back and hip either while lifting weights or lifting packages from the prison commissary. The next day he went to Health Services, where he was examined and treated by Defendants. He now alleges, three years later, that he was denied medical treatment for his back injury. He contends that because of the "non-treatment," he suffers from pain, mental anguish, and emotional stress. He seeks a declaratory judgment and monetary damages.

**III.    DISCUSSION**

    **A.    Standard of Review**

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the Complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The screening provisions of the PLRA are also applicable to *Bivens's* actions brought by federal inmates. *See, e.g.*, *Plunk v. Givens*, 234 F.3d 1128, 1129 (10th Cir. 2000); *Diaz v. Van Norman*, 351 F.Supp.2d 679, 680-81

(E.D. Mich. 2005).

While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to allege grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal and end citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal and end citations and footnote omitted).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). The Court must read Plaintiff's *pro se* Complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**B.      Eighth Amendment Claim**

Plaintiff alleges that Defendants failed to respond to the seriousness of his medical needs regarding his back and hip pain. Plaintiff's claim falls under the Eighth Amendment.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals. A failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the

serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's needs for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison Cnty., Ky.*, 238 F.3d 739, 742 (6th Cir. 2001) (citing *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994)).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer*, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. The Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind.  Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105-06 (quotations omitted).  Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim.  *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if there is an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).  Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *Brock v. Crall*, No. 00-5914, 2001 WL 468169, at *2 (6th Cir. Apr. 27, 2001); *Jones v. Martin*, No. 00-1522, 2001 WL 223859, at *1 (6th Cir. Feb. 28, 2001); *Williams v. Mattson*, No. 99-1796, 2000 WL 924145, at *1 (6th Cir. June 28, 2000); *Davis v. Ulep*, No. 97-2124, 1999 WL 98390, at *1 (6th Cir. Jan. 29, 1999); *Cain v. Huff*, No. 96-1613, 1997 WL 377029, at *4 (6th Cir. July 2, 1997); *Gabehart*, 1997 WL 160322, at *2.

In the present case, the Court concludes that Plaintiff has failed to meet both the objective and subjective components in order to support an Eighth Amendment claim.  Plaintiff's need of

medical treatment was not so obvious that a lay person would easily recognize that he required medical attention. In his Complaint, brought three years after the initial incident, Plaintiff does not state that he had visible marks or injuries or that he was not able to move all extremities or ambulate. Nor does he state that he had numbness or tingling in his extremities. Additionally, Plaintiff has not been diagnosed with a medical condition that requires treatment beyond what Defendants provided. Furthermore, he has failed to produce medical proof that he suffered detrimental effects as a result of Defendants' treatment or non-treatment of his condition, or their alleged failure to properly test and refer him to appropriate specialists. Accordingly, the Court concludes that Plaintiff has not demonstrated a sufficiently serious medical need to trigger an Eighth Amendment violation. He simply disagrees with how Defendants treated him.

Even if Plaintiff had met the objective and subjective components of his claim, he has failed to demonstrate that Defendants were deliberately indifferent to his medical needs. An official acts with deliberate indifference when he consciously disregards an excessive or substantial risk to inmate health or safety. Plaintiff has not alleged any facts that would support such a conclusion.

Rather, Plaintiff's conclusory allegations that Defendants' treatment of his medical condition was so cursory as to amount to no treatment at all is not supported in the Complaint. Defendants medically evaluated Plaintiff by physically examining him and treating his complaints with pain medication.

Against that backdrop, the Court concludes that Plaintiff's allegations concerning the specific treatment received does not support an Eighth Amendment claim. Therefore, his Complaint is subject to summary dismissal.

## IV.	CONCLUSION

For the reasons stated, the Court concludes that Plaintiff failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  Accordingly, the Court dismisses Plaintiff's Complaint with prejudice.  The Court also concludes that an appeal from this order would be frivolous and cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

In light of the fact that the Complaint is being dismissed, the Court vacates its Order of Reference to United States Magistrate Judge dated June 25, 2010.

Dated: February 4, 2011			s/Mark A. Goldsmith
      Flint, Michigan			MARK A. GOLDSMITH
					United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 4, 2011.

					s/Deborah J. Goltz
					DEBORAH J. GOLTZ
					Case Manager